**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIGHTON TRUSTEES, LLC, on behalf of and as trustee for COOK STREET MASTER TRUST III and DIAMOND LS TRUST; and BANK OF UTAH, solely as securities intermediary for COOK STREET MASTER TRUST III and DIAMOND LS TRUST, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Defendant. | Civil Action No.: 1:21-cv-5644<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, on behalf of themselves and all others similarly situated, for their Complaint against defendant, Sun Life Assurance Company of Canada ("Sun Life"), state as follows:

## NATURE OF THE ACTION

1. This case is about Sun Life's refusal to comply with the plain terms of universal life ("UL") insurance it issues and insures (the "Class Policies").

2. The Class Policies list 3 types of death benefit options payable upon the death of the insured that the policyowner can select. The first option (Death Benefit Option A) pays exactly the Specified Face Amount listed on the first page of the policy (e.g., $3,000,000 for one of the policies at issue here). The third option (Death Benefit Option C) pays the Specified Face Amount *plus* the sum of all premiums paid for the policy. Unlike many other UL policies – including other UL policies issued by Sun Life – a valuable feature of the Class Policies is that they expressly allow policyholders to switch Death Benefit options at any time "after the first policy year," subject to Sun Life's "administrative rules."

1

3.     Exercising its contractual right to switch Death Benefit options, Plaintiff Bank of Utah sent Sun Life a letter earlier this year requesting the switch to Option C for the 2 Sun Life Class Policies. Sun Life rejected the requests in separate, boilerplate letters. Sun Life gave the same class-wide and contract-breaching response to each request: Sun Life stated that Death Benefit "Option C is only available **at issue**" (i.e., when the policy is first sold).  Sun Life's rejection of the request to switch to Option C contradicts the contract language (which was quoted in Bank of Utah's letters themselves) saying that "you may change the Death Benefit option **after the first policy year**."

4.     On information and belief, other policyowners of Class Policies have made similar requests to switch death benefit options to Option C to Sun Life, but Sun Life has likewise refused to comply with the plain language of the contractual requirements, claiming that switches to Option C are only available when the policies are issued, rather than, as the policies state, anytime "after the first policy year."

5.     By this action, Plaintiffs seek damages and injunctive and declaratory relief to require Sun Life to abide by the plain terms of the Class Policies it issued and insures, and allow policyowners to change to Death Benefit Option C after the first policy year.

## THE PARTIES

6.     Plaintiff Brighton Trustees, LLC, which brings this action on behalf of and as trustee for Cook Street Master Trust III and Diamond LS Trust, has its principal place of business in New York. The sole members of Brighton Trustees, LLC are individuals who are United States citizens domiciled in New York and Canada.

7. Cook Street Master Trust III is a New York common law trust and is the beneficial owner and entitlement holder of policy number 020106379, issued by the defendant in 2004, insuring the life of Elizabeth Turrell.

8. Diamond LS Trust is a New York common law trust and is the beneficial owner and entitlement holder of policy number 020133147, issued by the defendant in 2006 and insuring the life of Robert Krasnoff.

9. Bank of Utah holds policy numbers 020106379 and 020133147 as securities intermediary for Diamond LS Trust and Cook Street Master Trust III. Bank of Utah, which brings this action solely as securities intermediary for Diamond LS Trust and Cook Street Master Trust III, is a Utah corporation with its principal place of business in Utah. Bank of Utah maintains securities accounts for Cook Street Master Trust III and Diamond LS Trust as securities intermediary pursuant to written agreements, under which each policy constitutes a "Subject Life Contingent Asset" that Bank of Utah, as securities intermediary, has credited to the "Client Securities Account." Cook Street Master Trust III and Diamond LS Trust is the "beneficial owner" and "entitlement holder" under their respective agreements with Bank of Utah, and, accordingly, is entitled to exercise the rights that comprise each financial asset in the Client Securities Account. Bank of Utah, as securities intermediary for Cook Street Master Trust III and Diamond LS Trust, is identified as the owner and beneficiary of, respectively, policy numbers 020106379 (for Cook Street Master Trust III) and 020133147 (for Diamond LS Trust) in Sun Life's records.

10. On information and belief, Sun Life Assurance Company of Canada ("Sun Life") is a life insurance company organized and existing under the laws of Canada, with its principal place of business in Massachusetts, and is a citizen of the Commonwealth of Massachusetts.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity between at least one class member and one defendant and the aggregate amount of damages exceeds $5,000,000. Sun Life is incorporated and has its principal office in Massachusetts. Plaintiffs are citizens of several states, as set forth above, and unnamed class members are citizens of states across the United States. This action therefore falls within the original jurisdiction of the federal courts pursuant to the Class Action Fairness Act, 28 U.S.C § 1332(d).

12. This Court has personal jurisdiction over Sun Life because plaintiff Brighton Trustees LLC is resident of this state, the beneficial owners and entitlement holders of plaintiff's policies at issue in this lawsuit are New York common law trusts, and on information and belief, Sun Life issues Class Policies owned by owners in this state and corresponds with Class Members regarding Class Policies in this state.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)–(c) because the events giving rise to Plaintiffs' causes of action occurred in this District.

## FACTUAL BACKGROUND

### A. The Policies at Issue

14. The policies at issue are UL policies issued by Sun Life. These policies are all flexible-premium, universal life policies, and there are no fixed or minimum premium payments specified in the policies

15. Bank of Utah is the record owner of 2 Sun Life policies at issue in this lawsuit.

   a. Policy Number 020133147, insuring Robert Kransnoff. This policy has a "SPECIFIED FACE AMOUNT" of $3,000,000, and was issued in 2006.

   b. Policy Number 020106379, insuring Elizabeth Turrell. This policy has a "SPECIFIED FACE AMOUNT" of $1,000,000, and was issued in 2004.

4

16. When these policies issued (in 2004 and 2006), the policyowners for both policies selected "DEATH BENEFIT OPTION": "OPTION A: SPECIFIED FACE AMOUNT." In 2021, the policyowners for both policies requested – pursuant to the plain language of the policies – a switch to DEATH BENEFIT OPTION C. That requested switch was unlawfully refused by Sun Life.

17. Universal life policies, like these, combine death benefits with a savings component, often known as the "account value" ("AV"). One benefit of UL policies is that they permit policyholders flexibility in the amount and timing of premiums necessary to keep the policies in-force. Unlike whole life insurance which requires fixed monthly premium payments, the premiums required for UL policies need only be sufficient to cover the charges deducted from the policy each month. Any premiums paid in excess of the monthly charges are applied to the account value. These excess premiums earn interest at the credited rate. This flexible-premium structure is beneficial because it allows policyholders the choice to either (i) minimize their capital investment and generate greater rates of return through other investments or (ii) to use the UL policy as a savings vehicle and earn interest on the account value.

18. There are three main policy features of UL policies, common to the Class Policies, relevant here. *First*, the "Death Benefit" ("DB") is the amount that is payable to the policyowner upon the death of the insured – as discussed below, with these policies, there are 3 death benefit options the policyowner can choose. *Second*, the "net amount at risk" ("NAR") is equal to the "Death Benefit" minus the account value. *Third*, the "Cost of Insurance" ("COI") charge is the largest charge that policyholders pay. It is deducted from the policy's account value ("AV") each month, and the COI charge is calculated by multiplying the current COI rate for the policy by the

current NAR for the policy. As a result, all else being equal, the cost of insurance charge increases as the death benefit increases (because COI.charge = COI.rate x NAR; and NAR = DB – AV).

19. The Sun Life policies at issue in this class action offer 3 different death benefit options, payable upon the death of the insured. Under the first option, called **Option A**, the death benefit equals the "Specified Face Amount" listed on the face of the policy (e.g., $3 million for the Krasnoff policy). The second option, **Option B**, is not relevant here (it provides a death benefit that equals the Specified Face Amount plus the account value). The third option, **Option C**, provides a death benefit that equals (at a minimum) the Specified Face Amount plus all premiums paid for the policy. These options are prominently set forth in the policy as follows:

**Death Benefit Option**
The Death Benefit option in effect on the Policy Date is specified in Section 1. The options are:

**Option A - Specified Face Amount.** The Death Benefit is the greater of:
(1) the Specified Face Amount; or
(2) the Account Value multiplied by the applicable Account Value Percentage shown in Section 2.

**Option B - Specified Face Amount Plus Account Value.** The Death Benefit is the greater of:
(1) the Specified Face Amount plus the Account Value; or
(2) the Account Value multiplied by the applicable Account Value Percentage shown in Section 2.

**Option C - Specified Face Amount Plus Premiums Paid.** The Death Benefit is the greater of:
(1) the Specified Face Amount plus the sum of all Premiums paid for this Policy; or
(2) the Account Value multiplied by the applicable Account Value Percentage shown in Section 2.

20. These death benefit options are common in UL policies across the industry, and those issued by Sun Life, except some UL policies only have options A and B. The policyholder makes an initial choice of which Death Benefit option it wants at the time the policy issues.

21. Unlike other policies sold by Sun Life, the Class Policies have a valuable feature that permits the policyholder to *change* the death benefit option at any time after the first Policy Year subject to Sun Life's administrative rules. The Class Policies provide:

> **Changes in the Death Benefit Option**
> ==You may change the Death Benefit option after the first Policy Year== subject to our administrative rules. The amount of the Death Benefit at the time of change will not be altered, but the change in Death Benefit option will affect the determination of the Death Benefit from that point on. Requests for a change in the Death Benefit option must be made in writing to Our Principal Office. The effective date of the change will be the Anniversary on or next following the date we approve your request.

Sun Life now refuses to comply with this provision, flat-out violating the contractual promise that a switch to Death Benefit Option C can be made "after the first Policy Year" and instead claiming that such option can only be "chosen at policy issue."

### B. The Death Benefit Option C Change Request and Sun Life's Rejection

22. On February 2, 2021, Bank of Utah sent Sun Life a letter sent requesting a change to Option C for these 2 policies, citing the language above. The letters were "made in writing" to Sun Life's "Principal Office," as the policy requires. On March 5, 2021, Sun Life rejected each request in separate letters, using the same boilerplate response, which explained in full:

> Re: Policy Number: 020133147
> Life Insured: Robert Krasnoff
>
> Dear Sir/Madam:
>
> We received your request to change the Death Benefit Option on the policy listed above. This change has not been completed since ==Death Benefit Option C can only be chosen at issue.==
>
> Re: Policy Number: 020106379
> Life Insured: Elizabeth Turrell
>
> Dear Sir/Madam:
>
> We received your request to change the Death Benefit Option on the policy listed above. This change has not been completed since ==Death Benefit Option C can only be chosen at issue.==

On information and belief, Sun Life has rejected similar requests to change to Option C for, made by policyonwers of other Class Policies, using similar boilerplate language, claiming that Option C is only available to be "chosen at issue".

7

23. Sun Life's response contradicts the plain langauge of the policies. Sun Life states that Death Benefit "Option C can only be chosen at issue" (i.e., when the policy is first sold), but this ignores the provision in the policy (which Bank of Utah quoted to them) saying that "you may change the Death Benefit option **after the first Policy Year**."

24. By contrast, Sun Life issues other policies – which are ***not*** in the class – that specifically prohibit certain changes in Death Benefit options:

> **Changes in the Death Benefit Option**
> You may change the Death Benefit option from Option B to option A after the first Policy Year. The Specified Face Amount will be adjusted such that the amount of the Death Benefit at the time of change will not be altered. Requests for a change in the Death Benefit option must be made in writing to Our Principal Office. The effective date of the change will be the Anniversary on or next following the date of request.
> **You cannot change the Death Benefit option from Option A to Option B.**

(This Sun Life policy has Options A and B, but not C). If Sun Life wished to categorically prohibit changing from Option A to Option C – as it now claims is the categorical rule for the Class Policies – it knew how to say that. But Sun Life did not. A valuable feature of the Class Policies is that they permit a change in Death Benefit options at any time "after the first Policy Year." But now Sun Life is refusing to honor that contractual promise – and indeed is contradicting it – after the policyowners have dutifully paid premiums for over 15 years.

25. Nor can Sun Life claim (nor has it claimed here) that a Switch to Option C is permitted only with new underwriting that proves the insured is expected to live a long time at the time of the requested switch. Sun Life also knew how to say that but did not for the Class Policies. In fact, another provision of the Turrell policy (and other Class Policies) uses that exact language:

> **Increases in Specified Face Amount**
> An increase in the Specified Face Amount is **subject to our underwriting rules** in effect at the time. We will require evidence of the Insured's insurability and the first Monthly Deduction for the increased amount. This may be paid by you or deducted from this Policy's Cash Surrender Value. The increase will be effective on the Anniversary on or next following the date the Application for increase is approved.

8

But the Change in Death Benefit Option provision does not say it is subject to Sun Life's underwriting rules, and it cannot be interpreted to require new underwriting.

26. The Policy lists only 3 restrictions on changing death benefit options, none of which are in dispute: (a) the change is subject to Sun Life's "administrative rules"; (b) the request must be made in writing to Sun Life's Principal Office; and (c) it is not effective until the Anniversary on or next following the date of request.

27. The first restriction is not in dispute: Sun Life has not rejected a request to change to Option C on the ground that doing so would violate its "administrative rules."

28. Similarly, the second and third restrictions are not in dispute. The request was made in writing to Sun Life's Principal Office. And there is no dispute that the change is not effective until the Anniversary[1] on or next following the date of request.

29. Accordingly, Sun Life breached and misrepresented the contract by refusing the request, and falsely claiming that the policy provides that "Option C can only be chosen at issue" (i.e., when the policy is first sold), and anticipatorily breached its contracts with the class members by refusing to allow any requested switches to Option C unless "chosen at issue."

## CLASS ACTION ALLEGATIONS

30. This action is brought by Plaintiffs individually and on behalf of the following class—referred to herein as the "Change of Death Benefit Option Class"—which consists of:

> All owners of universal life insurance policies issued by Sun Life Assurance Company of Canada, or their predecessors, successors, or subsidiaries, or affiliates, where the policies (a) have a death benefit option that pays specified face amount plus premiums paid; and (b) provide that the

---

[1] The policy defines "Anniversary" to mean "The same day in each succeeding year as the day of the year corresponding to the Policy Date." "Policy Date," in turn, is defined to mean "The date specified as such in Section 1." The Policy Date for the Turrell policy is listed as November 11, 2004, which is the same as the Issue Date for that policy. The Policy Date for the Krasnoff policy is listed as June 4, 2006, which is one month after the Issue Date for that policy.

policyowner may change the Death Benefit option after the first policy year. The Class excludes defendant Sun Life Assurance Company of Canada, its officers and directors, members of their immediate families, and the heirs, successors or assigns of any of the foregoing.

31. The Change of Death Benefit Option Class consists of at least forty consumers of life insurance and is thus so numerous that joinder of all members is impracticable. The identities and addresses of class members can be readily ascertained from business records maintained by Sun Life Assurance Company of Canada.

32. The claims asserted by Plaintiffs are typical of the claims asserted by the Change of Death Benefit Option Class.

33. Plaintiffs will fairly and adequately protect the interests of the class that they seek to represent and do not have any interests antagonistic to those of the other members of this class.

34. Plaintiffs have retained attorneys who are knowledgeable and experienced in life insurance matters, as well as class and complex litigation.

35. This action is appropriate as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because defendant Sun Life has refused to permit policyowners in the Class to exercise their contractual right to switch to Death Benefit Option C so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

36. This action is also appropriate as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of law and fact affecting the class predominate over those questions affecting only individual members. Those common questions include:

    (a) the construction and interpretation of the form insurance policies at issue in this litigation;

(b) whether Sun Life Assurance Company of Canada's actions to refuse policyholders to switch to Option C violated the terms of those form policies and anticipatorily breached its contracts with the class members; and

(c) whether Plaintiffs and Class members are entitled to receive damages as a result of the unlawful conduct by defendant alleged herein and the methodology for calculating those damages.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a) because of the expense of litigating the claims, few, if any, class members could afford to seek legal redress individually for the wrongs that defendant committed against them, and absent class members have no substantial interest in individually controlling the prosecution of individual actions;

(b) when defendant's liability has been adjudicated, claims of all class members can be determined by the Court;

(c) this action will cause an orderly and expeditious administration of the class claims and foster economies of time, effort and expense, and ensure uniformity of decisions;

(d) without a class action, many class members would continue to suffer injury, and defendant's violations of law will continue without redress while defendant continues to reap and retain the substantial benefits of its wrongful conduct; and

(e) this action does not present any undue difficulties that would impede its management by the Court as a class action.

## **FIRST CLAIM FOR RELIEF**

**Breach of Contract against Sun Life Assurance Company of Canada (on behalf of Plaintiffs and the Change of Death Benefit Option Class)**

38. Plaintiffs reallege and incorporate all allegations of this complaint as if fully set forth herein. This claim is brought on behalf of all Plaintiffs and the Change of Death Benefit Option Class.

39. The subject policies are binding and enforceable contracts.

40. The subject policies permit policyholders to "change the Death Benefit option after the first Policy Year," but upon making that request, Sun Life has refused, in breach of contract, falsely claiming that the option to "change the Death Benefit Option to Option C" can "only be chosen at issue." Sun Life has also committed anticipatory breach by unequivocally declaring its intent to breach the terms of all such policies by refusing to allow any changes to Option C unless "chosen at issue."

41. Plaintiffs have performed all obligations under the policies, except to the extent that its obligations have been excused by Sun Life's conduct as set forth herein.

42. As a direct and proximate cause of Sun Life's material breaches of the policies, Plaintiffs have been—and will continue to be—damaged as alleged herein in an amount to be proven at trial and are entitled to an injunction and declaratory relief to prevent Sun Life from failing to comply with its contractual promise to allow policyholders to "change the Death Benefit option after the first Policy Year."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Declaring this action to be a class action properly maintained pursuant to Rule 23(b)(2), Rule 23(b)(3), and Rule 23(c)(4) of the Federal Rules of Civil Procedure;

2. Awarding Plaintiffs and the Class compensatory damages, restitution, disgorgement, penalties, and any other relief permitted by law or equity pursuant to the First Claim for Relief;

3. Awarding Plaintiffs and the Class pre-judgment and post-judgment interest pursuant to their First Claim for Relief;

4. Awarding Plaintiffs and the Class reasonable attorneys' fees, experts' fees, and costs;

5. Awarding Plaintiffs and the Change of Death Benefit Option Class permanent injunctive relief:

> (a) requiring Sun Life Assurance Company of Canada to accept Class Member requests to change the Death Benefit option after the first Policy Year, provided the request is made in writing to Sun Life's Principal Office (as stated on the policy), with an effective date of the change on the Anniversary on or next following the date the request is made;
> 
> (b) ordering Sun Life to pay Death Benefit Option C payments to any Class Member who made a timely request to change the Death Benefit Option after the first Policy Year; and
> 
> (c) notifying class members that they may change the Death Benefit option after the first Policy Year, upon request, and
> 
> (d) declaring that the refusal to allow a change to Death Benefit Option C unless made at issuance constituted a material anticipatory breach of the policies owned by members of the proposed Class.

6. Awarding Plaintiffs and the Change of Death Benefit Option Class declaratory relief that Sun Life must accept requests to change the Death Benefit option after the first Policy

Year, provided the request is made in writing to Sun Life's Principal Office (stated on the policy), with an effective date of the change on the Anniversary on or next following the date the request is made.

7. Awarding Plaintiffs and each of the Class such other relief as set forth above and this Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: June 29, 2021

/s/ *Seth Ard*
Seth Ard
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.:   212-336-8330
Fax:   212-336-8340
sard@susmangodfrey.com

Steven Sklaver (*Pro Hoc Application to be filed*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel:   310-789-3100
Fax:   310-789-3150
ssklaver@susmangodfrey.com

*Attorneys for Plaintiffs*

## VERIFICATION

I, Seth Ard, being first duly sworn, depose and say that I have read the foregoing Complaint and know of its contents, that the facts stated therein are true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. I hereby verify this Complaint.

Signed under penalty of perjury this 29th day of June 2021.

_____
Seth Ard